**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENNETH SHAW,<br>    Appellant, | DOCKET NUMBER<br>NY-0752-14-0128-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: August 28, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth Shaw, Poughkeepsie, New York, pro se.

Jack DiTeodoro, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which mitigated his removal penalty to a 30-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a Housekeeping Aid, filed a petition for review of an initial decision that sustained a charge of verbal abuse of a patient, did not sustain a charge of threatening a patient, found that the appellant failed to prove his affirmative defenses, and mitigated the removal penalty to a 30-day suspension. Petition for Review (PFR) File, Tab 3.  In his petition for review, the appellant argues that the administrative judge erred in sustaining the charge that he verbally abused a patient because the agency failed to prove the charge by preponderant evidence. *Id*. at 8-9.[2]  Specifically, the appellant reasserts the argument he made on appeal below denying that he referred to the terminally ill patient as a "[expletive] [expletive]," and he challenges the administrative judge's credibility determinations and factual findings.  PFR File, Tab 3 at 9-11; Initial Appeal File (IAF), Tab 1 at 10.  The appellant argues that the administrative judge should not have relied on the unsworn and unsigned statements of the patient involved in the incident because the agency coerced the patient into making the statements, and the agency failed to have the patient testify at the hearing.  *Id*. at 9.  The appellant

---

[2]  In deciding this matter, the Board considered the corrected petition for review submitted by the appellant.  *See* PFR File, Tab 3.

also disputes the administrative judge's demeanor-based finding that a nurse employed by the agency credibly testified that she heard the appellant call the patient a "[expletive] [expletive]" during the verbal altercation. *Id*. at 9-10.

¶3    Although the appellant admits that he used the word "[expletive]" during the incident, he argues the administrative judge based her decision on an erroneous interpretation of statute or regulation. *Id*. at 9, 11. He argues that, because he apologized to the patient immediately after the incident, his conduct did not fall within the Wikipedia definition of verbal abuse. *Id*. at 11. The appellant also argues, among other things, that the penalty was unreasonable. *Id*. The agency did not respond to the appellant's petition for review or file a cross-petition challenging the administrative judge's findings that the agency failed to prove the charge of threatening a patient and mitigating the removal penalty to a 30-day suspension for the proven charge of verbal abuse of a patient. Initial Decision (ID) at 8, 14.

¶4    While the appellant does not agree with the administrative judge's findings and conclusions, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board.

¶5    The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the

administrative judge thoroughly reviewed the hearing testimony and specifically cited to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), in setting forth her credibility determinations. ID at 4-5. The administrative judge credited the evidence submitted by the agency, which included the hearing testimony of the nurse who overheard part of the altercation and the written statements of the patient regarding the appellant's use of profanity, as more plausible and credible than the appellant's assertions that he did not call the patient a "[expletive] [expletive]." *Id.*

¶6          In finding the nurse's testimony credible, the administrative judge gave great weight to her demeanor at the hearing, finding that her testimony was straightforward, unequivocal, and consistent with her prior written statement and the statement of the patient involved in the incident. ID at 5. The administrative judge found that the appellant's denial that he used the word "[expletive]" was not credible based on his demeanor and other evidence of record. ID at 5. The administrative judge also found that the appellant's admission that he used the word "[expletive]" directed towards the patient "violated the agency's workplace violence prevention policy as such language is clearly unkind, rude, and verbally inappropriate." ID at 5.

¶7          We find that the administrative judge thoroughly explained her demeanor-based credibility determinations in the initial decision, and we discern no reason to disturb her well-reasoned findings. *See Crosby*, 74 M.S.P.R. at 105-06. Although the appellant alleges that the administrative judge was biased in considering the appellant's demeanor at the hearing, he has not shown that the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." PFR File, Tab 3 at 7; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶8          We further find that the administrative judge was entitled to consider the unsworn, unsigned statements of the terminally ill patient involved in the

incident, regardless of the fact that the patient did not testify at the hearing. In response to an agency interview about the incident, the patient stated in relevant part that, after the appellant woke him up by banging a trash can on his door, the appellant called him a "[expletive] [expletive]." *See* IAF, Tab 6, Subtab 4d at 5-6. The admissibility of evidence is a procedural matter that falls "within the sound discretion of the Board and its [administrative judges]." *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). It is well settled that hearsay evidence "may be used in Board proceedings and may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." *Id*.

¶9        Here, the administrative judge found that the patient's statement was consistent with the hearing testimony and prior written statement of the nurse who overheard the inappropriate comments underlying the verbal abuse charge. ID at 4-5; *see* IAF, Tab 6, Subtab 4d at 1-2, 5-6, Subtab 4e at 1. Under the circumstances, we find that the administrative judge reasonably considered the patient's unsworn and unsigned statement in finding that the agency proved the verbal abuse charge. ID at 4-5. Although the appellant further argues that the administrative judge failed "to carefully examine all statements before making her judgment," we find that the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision.[3] PFR File, Tab 3 at 12; *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

---

[3] In addition, the appellant argues that the administrative judge relied on a misleading statement written by the agency, and she never considered the appellant's statement denying that he called the appellant a "[expletive] [expletive]" and admitting that he told the patient to "get the [expletive] out of my face." PFR File, Tab 3. However, the administrative judge specifically referenced the appellant's statement in the initial decision, and the appellant offers no evidence to support his argument that the administrative judge based her decision on a misleading agency statement. *See* ID at 4.

¶10　　　　On review, the appellant also challenges the administrative judge's findings that:　(1) the appellant failed to prove his affirmative defense of religious discrimination; (2) the agency proved the requisite nexus between the sustained charge and the efficiency of service; and (3) mitigating the removal to a 30-day suspension was reasonable.　PFR File, Tab 3 at 7, 13; *see* ID at 12, 14.　In support of his petition, the appellant argues that he established a prima facie case of religious discrimination and the administrative judge erroneously found that the agency articulated a nondiscriminatory reason for its action.　PFR File, Tab 3 at 12-13.　He argues that the agency's decision to remove him, despite his lack of prior discipline, was so egregious and unjustified that "[t]he discrimination is illegal on its face." *Id*. at 12.　The appellant also argues, among other things, that the agency failed to prove nexus, and the proper penalty is "a written verbal counseling or nothing." *Id*. at 11, 13.

¶11　　　　We disagree with the appellant's arguments on review.　Regarding the appellant's affirmative defense of religious discrimination, the administrative judge found that the charged misconduct was sufficient to establish a nondiscriminatory reason for the agency's removal action and proceeded to determine the ultimate question of whether the appellant met his overall burden on this issue.　ID at 10.　The administrative judge found that the appellant failed to show by preponderant evidence that the agency discriminated against him based on his religion because the deciding official presented unrebutted testimony that he was unaware of the appellant's Muslim religion, and the appellant submitted no testimony in support of his religious discrimination claim at the hearing.[4]　ID at 11.　Although the appellant disagrees with the administrative

---

[4] In support of his affirmative defense of religious discrimination, the appellant stated that his supervisors must have known that he is a Muslim.　PFR File, Tab 13 at 3.　He alleged that the agency ignored his complaints to management "regarding statements made against his Muslim religion," and that one of his former managers referred to him as "Malcolm X" several times.　*Id*.　He also alleged that another manager said that she

judge's findings, the appellant submits no evidence on review as proof that the agency discriminated against him based on his religion. We therefore find no reason to disturb the administrative judge's finding that the appellant failed to prove his affirmative defense of religious discrimination.

¶12        Moreover, we find no merit in the appellant's argument that the agency failed to prove nexus. PFR File, Tab 3 at 13. An agency must establish that there is a nexus between the proven offense and the efficiency of the service. *See* 5 U.S.C. § 7513(a). One of the ways that an agency may establish nexus is by showing that the employee's conduct interfered with or adversely affected the agency's mission. *See Dixon v. Department of Commerce*, 109 M.S.P.R. 314, ¶ 14 (2008). Verbal abuse of a patient adversely affects the agency's mission here of providing quality health care. *See Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 23 (2001). Accordingly, we agree with the administrative judge's finding that the agency proved the requisite nexus between the sustained charge and the efficiency of service. *See* ID at 11-12.

¶13        We further find that the appellant's misconduct was serious and warrants discipline. The administrative judge found that a 30-day suspension is a reasonable penalty for the proven charge, even though the appellant apologized to the patient and had good performance ratings and no prior discipline. ID at 13-14. In reaching his decision, the administrative judge properly balanced the seriousness of the proven misconduct against the mitigating factors and found that maximum reasonable penalty for the sustained charge was a 30-day suspension.[5] ID at 13-14. We find that the appellant's arguments on review

---

smelled fish and stated that it must be the appellant "and his [Muslim] religion using the microwave." *Id.*

[5] On review, the appellant also expresses his belief that the administrative judge should have advised the agency to review the labor/management agreement before the hearing on his appeal. PFR File, Tab 3 at 12. He argues that this "may have ensured that the appellant was being treated fairly and equitably before the agency proceeded to the adverse action," and "helped to ensure agency contract compliance." *Id.* Nonetheless,

present no reason to disturb the administrative judge's penalty determination. We therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE
> Suite 5SW12G
> Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your

---

the appellant does not demonstrate the harmfulness of the purported errors by showing that the errors were of sufficient weight to warrant outcome different from that of the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:        _____
                     William D. Spencer
                     Clerk of the Board

Washington, D.C.